**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**at LONDON**

Civil Action No. 11-221-HRW

CHARLES L. MARTIN,                                           **PLAINTIFF,**

v.                    **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,                    **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his current application for  disability insurance benefits on April 21, 2008, alleging disability beginning on August 2, 2004 due to "[b]ipolar / manic depressive / extreme depression" and pain in his left arm, back and neck (Tr. 137).  He states:

> I have no energy or drive to get up in the mornings / I get
> really anxious and hyperactive, have strong, extreme fits
> of anger, or I feel so low that I am weak, cannot eat, or
> sleep. I can't concentrate on anything for any period of
> time. I have extreme pain in my left arm, back and neck.
> I am nausious *(sic)* when the pain is so severe. Alcohol
> os the only relief from the anger, depression and/or
> anxiety. I have come addictive.

(Tr. 137)

This application was denied initially and on reconsideration (Tr. 80-84).

On February 19, 2010, an administrative hearing was conducted by

Administrative Law Judge William C. Zuber (hereinafter "ALJ"), wherein Plaintiff

testified. At the hearing, William Ellis, a vocational expert (hereinafter "VE"),

also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the

following five-step sequential analysis in order to determine whether the Plaintiff

was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not
> disabled.

> Step 2: If the claimant is not performing substantial gainful work, his
> impairment(s) must be severe before he can be found to be disabled based
> upon the requirements in 20 C.F.R. § 416.920(b).

> Step 3: If the claimant is not performing substantial gainful work and has a
> severe impairment (or impairments) that has lasted or is expected to last for
> a continuous period of at least twelve months, and his impairments (or

2

impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On April 7, 2010, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 20-27).

Plaintiff was 37 years old at the time of the alleged onset of disability.   He has a high school education and his past relevant work consists of employment as a marketer, chef and salesman (Tr. 22, 138).   His date last insured is December 31, 2008 (Tr. 22).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since  the alleged onset date of disability (Tr. 22).

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease of the lumbar spine, peripheral neuropathy, bipolar disorder, post-traumatic stress disorder, narcissistic personality disorder and alcohol dependency,

3

which he found to be "severe" within the meaning of the Regulations (Tr. 23).

At Step 3, the ALJ found that when considering the effects of alcoholism, Plaintiff's impairments met Listing 12.09 (Tr.

23. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.09. The ALJ then found that if Plaintiff stopped abusing alcohol, he would retain the residual functional capacity (hereinafter "RFC") for a limited range of sedentary work (Tr. 25). *See* C.F.R. § 404.1520(a)(4), (e), (f). At Step 5 of the sequential evaluation,  the ALJ used Medical-Vocational rule 201.28, 20 C.F.R. pt. 404, subpt. P, app. 2, rule 201.28, as a framework for decision-making in conjunction with the VE's  (Tr. 70-71), to find Plaintiff could perform other work that existed in the national and regional economies (Tr. 26-27).

Ultimately, the ALJ found that Plaintiff's alcoholism was material to his disability and, as such, he was not disabled.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on June 10, 2011 (Tr. 1-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.  Both parties have filed Motions for Summary Judgment.

## III. ANALYSIS

### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

In this case, it is important to note that on March 29, 1996, Congress enacted legislation which bars a finding of disability if substance abuse, either

5

drugs or alcohol, is a "contributing factor material to" the determination of disability. Pub. L. No. 104-121, § 105(b)(amending Title XVI of the Social Security Act).

Thus, in cases where alcohol abuse is of record, the pertinent inquiry is which limitations would remain absent substance abuse. *See*, 20 C.F.R. § 416.935 (b)(1) (2006). "The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol." 20 C.F.R. § 404.1535(b)(1).

**B.    Plaintiff's Contentions on Appeal**

Plaintiff seeks a remand of this matter for the purposes of considering new medical evidence. He also contends that the ALJ's finding of no disability is erroneous because the ALJ failed to properly develop the record.

**C.    Analysis of Contentions on Appeal**

Plaintiff submitted a July 12, 2010 from his treating physician Dr. Nancy Morris to the Appeals Council. In her letter, Dr. Morris states that her records do not reflect ca diagnoses of alcoholism (Tr. 765).

Sentence six of 42 U.S.C. §405(g) provides:

> The court . . . may at any time order additional evidence

6

> be taken before the Commissioner of Social Security, but
> only upon a showing that there is new evidence which is
> material and that there is good cause for the failure to
> incorporate such evidence into the record in a prior
> proceeding.

42 U.S.C. §405(g). However, the limited circumstances under which

remands are permitted arise when the party seeking remand shows that: (1) there is

new, non-cumulative evidence: (2) the evidence is "material" - i.e., both relevant

and probative, so that there is a reasonable possibility that it would change the

administrative result; and, (3) there is good cause for failure to submit the

evidence at the administrative level. *Willis v. Secretary of Health and Human*

*Services*, 727 F.2d 551, 554 (6th. Cir. 1984). While it is not, generally, difficult for

a party seeking remand to show that evidence is new, it is, generally, onerous to

demonstrate that the new evidence is material.

Although the subject evidence is "new" in that it did not exist at the of the

ALJ's decision, Plaintiff has  failed to show that it is material.  Plaintiff urges that

the letter requires a  remand because, contrary to what Dr. Morris states in the

same, the ALJ indicated that her records do reflect alcohol dependency.  However,

in finding that Plaintiff's impairment met the requirements of Listing 12.09, he

relied upon substantial evidence in the record which showed consistent, alcohol

dependency from 2006 until 2009.   There is nothing in Dr. Morris' letter which

7

detracts from that finding. In other words, Plaintiff cannot show that there is a reasonable possibility Dr. Morris' letter would change the ALJ's decision. Therefore, the letter does not provide new evidence which would warrant a remand.

Plaintiff also argues that the ALJ failed to properly develop the record. Plaintiff cryptically alleges that "the ALJ was aware that there were facts favorable to the claim which he did not see fit to fully explore." However, he does not specify what facts the ALJ failed to develop.

Plaintiff further claims that the evidence suggests his representative was not aware that Plaintiff's alcohol abuse was a highly relevant issue. However, Plaintiff's representative must have been aware of the voluminous evidence of record showing Plaintiff's alcohol abuse. Indeed, Plaintiff's representative stated that she had discussed the issues with Plaintiff, and she waived a formal reading of the issues at the hearing (Tr. 36). Further, according to the ALJ, Plaintiff's representative listened while the ALJ spent a large part of the hearing examining Plaintiff regarding his alcohol abuse and his mental impairments aside from alcohol abuse (Tr. 47-61).  Moreover, Plaintiff did not allege or show that his non-attorney representative was

incompetent or unable to assist Plaintiff in presenting his claim.

8

Plaintiff protectively filed his application on April 21, 2008 (Tr. 20, 113), and his medical record was developed back to January 2006, resulting in a record spanning 535 pages  (Tr. 230-765).   The Court having reviewed the record, finds that the ALJ developed to the extent required by law.

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 3rd day of May, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

Henry R. Wilhoit, Jr., Senior Judge

9